UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
JACK FERRANTI,                  :
                                :
        Plaintiff,              :   Civ. No. 14-3331 (NLH)
                                :
    v.                          :   OPINION
                                :
JOSEPH DIXON,                   :
                                :
        Defendant.              :
_____:

APPEARANCES:
Jack Ferranti, #45299-053
FCI Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
     Plaintiff Pro se


HILLMAN, District Judge

     Plaintiff Jack Ferranti, Plaintiff, an inmate currently

confined at Federal Correction Institution ("FCI") Allenwood in

White Deer, Pennsylvania filed his Complaint (ECF No. 1) on May

27, 2014 alleging claims under Bivens v. Six Unknown Named

Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971) and paid the filing fee.

     On October 26, 2015, Defendant filed a motion to dismiss.

(ECF No. 25).  On or about February 4, 2016, Plaintiff filed his

opposition (ECF No. 31) to Defendant's motion, and also filed a

motion to amend the Complaint (ECF No. 32).  Defendant then

filed a response to Plaintiff's motion to amend. (ECF No. 33).

The motions have been fully briefed and will be decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss will be GRANTED; and Plaintiff's motion to amend will be DENIED without prejudice.

I.   FACTUAL BACKGROUND

In his Complaint, Plaintiff asserts that a Unit Counselor at FCI Fort Dix, Joseph Dixon, inquired about Plaintiff's participation in the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP").  Plaintiff informed Unit Counselor Dixon (hereinafter "Defendant") that he "had a court ordered stay as to the fine imposed in his case" which Plaintiff contends that other federal institutions had honored. (Compl. 2, ECF No. 1).  Defendant placed Plaintiff on IFRP Refusal Status and instructed an officer at the Receiving and Discharge Department to send Plaintiff's "hobby craft material" to Plaintiff's son's home address.  Plaintiff contends that there is no provision in the BOP's regulations which calls for removal of a prisoner from participation in a hobby craft program when said prisoner is on IFRP Refusal Status.

Plaintiff concedes that one of the restrictions which can be imposed as a result of a prisoner's IRFP Refusal Status is being assigned the lowest housing status. (Compl. 3., ECF No.

1).  Plaintiff states that Defendant asked Plaintiff to show him paperwork proving Plaintiff had a "bottom bunk pass."  Plaintiff previously had bottom bunk passes from two other federal institutions where he had been incarcerated and Plaintiff was assigned a bottom bunk upon his arrival to FCI Fort Dix. Defendant instructed Plaintiff to "go to the Medical Department and renew his bottom bunk pass by July 15, 2012." (Id.). Defendant further informed Plaintiff that, if he did not have a renewed bottom bunk pass by July 15, 2012, Defendant would move Plaintiff to a top bunk.

Plaintiff states that on July 13, 2012, he went to the Medical Department to renew his bottom bunk pass.  However, he was informed that he would need an appointment to see a doctor before he could renew his pass.  Plaintiff then visited Defendant's supervisor, Unit Manager Whritenour, to discuss the situation.  It is unclear from the Complaint what the result of this discussion was.

On July 15, 2012, Plaintiff was unable to produce a renewed bottom bunk pass and, as a result, Defendant indicated that he intended to move Plaintiff to a top bunk.  Plaintiff told Defendant that he didn't see the need for reassignment given that there were two vacant lower bunks in his living quarters. Plaintiff states that Defendant became "loud and verbally

abusive" at this point, so Plaintiff walked out of Defendant's office and returned to his living quarters. (Id. at 4).

Plaintiff contends that Defendant followed Plaintiff to his living quarters and continued to yell at Plaintiff.  Plaintiff further contends that Defendant demanded to see Plaintiff's identification card, "crowded Plaintiff against his locker," and eventually instructed all other inmates in the room to get out. (Id. at 5).  Defendant called for backup before pushing Plaintiff backwards, bending him over a locker, and holding him by his right arm.  Another officer then grabbed Plaintiff and handcuffed him.

Plaintiff complained that Defendant had hurt his back. Plaintiff was taken to the Medical Department where abrasions were found on his back.  Plaintiff states that bruising was still present ten days later.

As a result of this series of events, Plaintiff was "taken to the Special Housing Unit and given an incident report for (1) Assaulting any person; (2) refusing to obey an order and (3) Insolence toward a staff member." (Compl. 6, ECF No. 1).

Plaintiff asserts two causes of action.[1]  First, he states

---

[1] Although Plaintiff does not expressly state that he brings these claims pursuant to Bivens, paragraph one of his Complaint states, "[this is an action to redress the violation of Plaintiff's rights under the Constitution of the United States. And the laws of the United States." (Compl. 1, ECF No. 1). Because Plaintiff has alleged a constitutional violation by

that Defendant violated 28 C.F.R. § 545.11[2] when he ordered that Plaintiff's hobby craft material be mailed to Plaintiff's son. Next, Plaintiff asserts a claim against Defendant for excessive force.  Plaintiff seeks nominal damages in the amount of $1.00 and punitive damages in the amount of $50,000.  Plaintiff asks the Court to declare Defendant's actions in violation of 28 C.F.R. § 545.11, and he seeks attorneys' fees and costs.

Defendant filed a motion to dismiss (ECF No. 25) and asserts that both of Plaintiff's causes of action must be dismissed.  With respect to Plaintiff's first cause of action, which is based on Defendant's alleged violation of 28 C.F.R. § 545.11, Defendant argues that the claim should be dismissed because: (1) to the extent Plaintiff means to assert a cause of action under § 545.11, § 545.11 does not create a private right of action; (2) to the extent Plaintiff means to assert a cause of action under Bivens based on Defendant's alleged violation of § 545.11, § 545.11 may not serve as the basis for a Bivens claim; and (3) to the extent Plaintiff means to assert a due process violation, the loss of privileges does not trigger a

_____

federal officials, the Court will presume that his claims are filed under Bivens.

[2] Plaintiff cites this regulation in his Complaint as "18 C.F.R. § 545.11." (Compl. 6, ECF No. 1).  However, the Inmate Financial Responsibility Plan ("IRFP") is codified at Title 28 of the Code of Federal Regulations, sections 545.10 and 545.11.

constitutionally protected interest sufficient to establish a cause of action under <u>Bivens</u>, and the availability of administrative remedies precludes a claim under <u>Bivens</u> for loss of property. (Motion 13-15, ECF No. 25-3).  As to Plaintiff's second claim, his excessive force claim, Defendant asserts that this claim should be dismissed because the Complaint does not allege a degree of force sufficient to establish an Eighth Amendment violation. (Mot. at 16).

In his opposition to Defendant's motion, Plaintiff argues, first, that his pleadings are adequate to state a cause of action. (Opposition 2, ECF No. 31).  Nevertheless, he requests an opportunity to amend his Complaint to provide further specificity (Opp'n at 3), and he filed a motion (Motion to Amend, ECF No. 32) requesting permission to do so.  In his opposition to Defendant's motion, Plaintiff also elaborates on his excessive force claim (Opp'n at 3-5), and on the injuries he sustained (<u>id.</u> at 5-6).  In his motion to amend, he details the specific changes he intends to make in an amended complaint and he attached exhibits, including an affidavit and medical records, which he requests this Court consider in ruling on the motions (<u>id.</u> at 3); (Mot. to Am. 2, ECF No. 32).

## II.   STANDARDS OF REVIEW

A. Actions Under Bivens

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460, 101 L.Ed.2d 370 (1988)).  Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S. Ct. 868, 160 L.Ed.2d 769 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate

7

§ 1983 law into <u>Bivens</u> suits. <u>See</u> <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987).

B. <u>Standard for Amendment Under Rule 15</u>

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. FED. R. CIV. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. FED. R. CIV. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." FED. R. CIV. P. 15(a)(2).

Consistent with the plain language of this rule, leave to amend rests in the discretion of the court. That discretion, however, is governed by certain basic principles, which are embodied in Rule 15. Thus, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend. <u>See</u> <u>Bjorgung v. Whitetail Resort, LP</u>, 550 F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n.</u>, 252 F.3d 267 (3d Cir. 2001).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quotations and citations omitted); see also Lutz v. Philips Elecs. N. Am. Corp., 347 F. App'x 773, 777 (3d Cir. 2009) ("Although leave to amend a complaint under Rule 15(a) should be liberally granted, we have held that such leave should not be permitted where an amendment to the complaint would be futile."). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing "futility," courts apply the same standard that governs a motion to dismiss under Rule 12(b)(6). See Shane, 213 F.3d at 115.

C. Standard for Dismissal Under Rule 12(b)(6)

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 (3d Cir. 2014) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). It is well settled that a pleading is sufficient if it contains "a short and plain

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3, 104 S. Ct. 1723, 1725, 80 L. Ed. 2d 196 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 1952, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'...."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for

the 'no set of facts' standard that applied to federal

complaints before <u>Twombly</u>.").

In reviewing a Rule 12(b)(6) motion, a court must only

consider the facts alleged in the pleadings, the documents

attached to or specifically referenced in the complaint if the

claims are based on those documents, and matters of judicial

notice. <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp.

Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999); <u>In re Bayside Prison

Litig.</u>, 190 F.Supp.2d 755, 760 (D.N.J. 2002); <u>see also</u> <u>Winer

Family Trust v. Queen</u>, 503 F.3d 319, 327 (3d Cir. 2007).


III. <u>DISCUSSION</u>

In this case, Plaintiff filed a brief in opposition as well

as a motion to amend in response to Defendant's motion to

dismiss.  "Rule 15(a)(1)(B) makes clear that an amended

complaint is a permissible response to a Rule 12(b) motion."

<u>Hunter v. Dematic USA</u>, No. 16-00872, 2016 WL 2904955, at *5

(D.N.J. May 18, 2016) (quotations and citations omitted).  Thus,

the Court will consider both Plaintiff's opposition (ECF No.

31), and his motion to amend, which includes attachments and his

proposed amendments (ECF No. 32), when ruling on Defendant's

motion to dismiss. <u>See</u> <u>S. Cross Overseas Agencies, Inc.</u>, 181

F.3d at 426.

A. <u>Claim alleging violation of 28 C.F.R. § 545.11</u>

The Inmate Financial Responsibility Plan ("IRFP") is codified at Title 28 of the Code of Federal Regulations, Section 545.10 and 545.11.  Here, Plaintiff asserts a cause of action based on his allegation that Defendant violated 28 C.F.R. § 545.11.  In his motion to dismiss, Defendant asserts that this claim fails because because: (1) to the extent Plaintiff means to assert a cause of action under § 545.11, § 545.11 does not create a private right of action; (2) to the extent Plaintiff means to assert a cause of action under Bivens based on Defendant's alleged violation of § 545.11, § 545.11 may not serve as the basis for a Bivens claim; and (3) to the extent Plaintiff means to assert a due process violation, the loss of privileges does not trigger a constitutionally protected interest sufficient to establish a cause of action under Bivens, and the availability of administrative remedies precludes a claim under Bivens for loss of property. (Motion 13-15, ECF No. 25-3).  Plaintiff does not respond to this argument in his opposition, nor does he propose any amendments to his Complaint in his motion to amend which relate to this claim.

   1. No private cause of action under § 545.11

   To the extent Plaintiff means to bring a private cause of action based on Defendant's alleged violation of § 545.11, such a claim must be dismissed.  As Defendant asserts, a prison regulation does not explicitly create a private cause of action.

See McCrudden v. United States, No. 14-3532, 2016 WL 1259965, at
*4 (D.N.J. Mar. 31, 2016) (citing Mercy Catholic Med. Ctr. v.
Thompson, 380 F.3d 142, 154 (3d Cir. 2004)) (holding that
"violating an agency's internal policies does not create a
private cause of action"); Sheils v. Bucks Cty. Domestic
Relations Section, 921 F. Supp. 2d 396, 416 (E.D. Pa. 2013)
(dismissing plaintiff's claim because the prison "regulation and
its enabling statute do not create an implied right of action");
Schick v. Apker, No. 07-5775, 2009 WL 2016933, at *7 (S.D.N.Y.
Mar. 5, 2009), report and recommendation adopted in part, No.
07-5775, 2009 WL 2016926 (S.D.N.Y. July 10, 2009) (collecting
cases); Jennings v. Fed. Bureau of Prisons, No. 4:CV-03-2408,
2005 WL 2130096, at *8 (M.D. Pa. Sept. 2, 2005) (citing Bonano
v. E. Caribbean Airline Corp., 365 F.3d 81, 84 (1st Cir. 2004))
(holding that a prison regulation "does not provide for a
private right of action and there is no indication that Congress
intended it to create an implied private right of action").

Accordingly, to the extent Plaintiff means to assert a
private cause of action based on § 545.11, such a claim will be
dismissed with prejudice.

2. No Bivens claim based on violation of § 545.11

To the extent Plaintiff means to assert a cause of action
under Bivens based on Defendant's alleged violation of § 545.11,
such a claim must likewise be dismissed.  As an initial matter,

the Court notes that, "generally, 'a violation of a prison regulation cannot amount to a wrong of constitutional magnitude within the meaning of <u>Bivens</u>.'" <u>Barnes v. Broyles</u>, No. CV 13-737 (NLH), 2016 WL 155037, at *5 (D.N.J. Jan. 12, 2016) (quoting <u>Carter v. United States</u>, No. 14-4741, 2014 WL 4388607, at *4 n.9 (D.N.J. Sept. 5, 2014) (collecting cases)). <u>see also</u> <u>Kates v. Packer</u>, No. 3:13-CV-1525, 2016 WL 1221736, at *5 (M.D. Pa. Mar. 29, 2016) (quoting <u>Gibson v. Fed. Bureau of Prisons</u>, 121 F. App'x 549, 551 (5th Cir. 2004)) ("A violation of a prison regulation without more does not state a constitutional violation.").

Further, to state a claim under <u>Bivens</u>, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. <u>See</u> <u>Couden v. Duffy</u>, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that <u>Bivens</u> held that a parallel right exists against federal officials); <u>see also</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66, 122 S. Ct. 515, 518, 151 L. Ed. 2d 456 (2001).

14

In this case, Plaintiff did not specifically identify any constitutional violation which resulted from Defendant's alleged violation of § 545.11.  Nevertheless, in construing Plaintiff's Complaint liberally, as this Court must, this Court construes the Complaint as alleging a due process violation.  Specifically, Plaintiff alleges he was deprived of his property interest in his hobby craft material without due process of law.  For the reasons discussed in the following section, however, Plaintiff's due process claim also fails.

3. No due process violation

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law." Wilson v. Hollingsworth, No. 15-0076, 2015 WL 333314, at *5 (D.N.J. Jan. 23, 2015) (citing Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)).  In order to determine whether a due process violation has occurred, the Court must first determine whether a protected liberty interest exists. See Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).

With respect to § 545.11, IFRP statute, the Third Circuit stated:

> While being in the "IFRP Refuse" category denies a
> prisoner certain privileges, it does not result in the
> imposition of discipline that would trigger a
> constitutionally protected interest. See 28 C.F.R.
> 545.11(d) (listing the privileges denied to prisoners
> for refusing to participate in the IFRP); see also
> Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293,
> 132 L.Ed.2d 418 (1995) (liberty interests created by
> prison regulations are limited to instances where such
> regulations impose atypical and significant hardship
> on an inmate in relation to the ordinary incidents of
> prison life).

Duronio v. Gonzales, 293 F. App'x 155, 157 (3d Cir. 2008); see

also Edwards v. Lewis, No. 06-5044 RBK, 2007 WL 1035029, at *5

(D.N.J. Mar. 30, 2007) (collecting cases) ("Consistently, due

process challenges to the IFRP have been rejected by most

courts.").

Thus, ordinarily, a sanction imposed under § 545.11 would

not implicate a constitutionally protected interest, and would

fail to state a due process claim under Bivens.  Here, however,

Plaintiff alleges that Defendant implemented a punishment

outside the scope of IFRP statute.  Thus, because the sanction

imposed in this case does implicate a constitutionally protected

interest — Plaintiff's property interest in his hobby craft

material — Plaintiff's claim cannot be summarily dismissed as a

due process challenge to the IFRP.

Nevertheless, Plaintiff's claim fails because it is based

on the deprivation of property and, "[w]here an adequate post-

deprivation remedy is available to the prisoner, the requirement

16

of procedural due process is met." Douglas v. Martinez, 530 F. App'x 136, 137 (3d Cir. 2013) (citing Hudson v. Palmer, 468 U.S. 517, 531, 104 S. Ct. 3194, 3203, 82 L. Ed. 2d 393 (1984)). Specifically, the BOP's Administrative Remedy Program and the Federal Tort Claims Act qualify as adequate post-deprivation remedy systems. See Bowens v. U.S. Dep't of Justice, 415 F. App'x 340, 344 (3d Cir.2011) (per curiam); Oleson v. Bureau of Prisons, No. 09-5706, 2012 WL 6697274, at *8 (D.N.J. Dec. 21, 2012).  Plaintiff does not allege that he could not avail himself of these post-deprivation remedy systems to seek return of his property.  Therefore, his due process claim will be dismissed without prejudice. See, e.g., Douglas, 530 F. App'x at 137 (holding that plaintiff could not sustain a valid due process claim for loss of hobby craft material because prison grievance system provided an adequate post-deprivation remedy); Roudabush v. Bittinger, No. 15-3185, 2015 WL 4616869, at *7 (D.N.J. July 31, 2015) (dismissing without prejudice plaintiff's due process claim based on defendants' alleged seizure of his personal items).

## B. Excessive Force Claims

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d 156

(1992).  When reviewing Eighth Amendment excessive force claims, courts must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  Whether the force applied was excessive requires the examination of several factors including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)).

Although the extent of an inmate's injury is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force." Id. at 104.  Thus, the inquiry must focus on the extent of the force and the circumstances in which it is applied, not on the resulting injuries. Id. at 108; see also Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002).  However, the Eighth Amendment does not protect against a de minimis use of physical force, so long as it "is not of a sort

'repugnant to the conscience of mankind.'" Brooks, 204 F.3d at 107 (quoting Hudson, 503 U.S. at 9–10).

    1. Analysis

In his motion to dismiss, Defendant asserts that Plaintiff has alleged only a de minimis use of physical force in his Complaint and, thus, has failed to allege an Eighth Amendment violation. (Mot. 16-20, ECF No. 25). In response, Plaintiff asserts simply that "excessive force applied to any human being, inmate or not, when that person is not presenting any indication of violence defies the very intent of the Eighth Amendment." (Opp'n 4, ECF No. 31). However, as set forth above, de minimus use of force, so long as it is not "repugnant to the conscience of mankind," does not rise to the level of an Eighth Amendment violation. See Brooks, 204 F.3d at 107.

In this case, the extent of the force used, as alleged by Plaintiff in his initial Complaint, is that "Defendant rushed Plaintiff and pushed him backwards and bent him over the locker holding him by his right arm." (Compl. 5, ECF No. 1). In an affidavit — which Plaintiff attaches to his opposition and intends to include in his amended complaint — Plaintiff states, "I was assaulted by Dixon; he pushed me back into the lockers." (Affidavit 3, ECF No. 31-1). Plaintiff does not elaborate further on the force used in his opposition, nor does he propose additional factual allegations in his motion to amend.

Accordingly, and for the reasons explained below, the Court finds that Plaintiff has alleged only de minimus force.

In determining whether the force alleged by Plaintiff constitutes excessive force, this Court is guided by Third Circuit case law addressing similar conduct.  For example, the Third Circuit has determined that an inmate who alleged that a corrections officer pushed him and punched him in the back had alleged only de minimus force. See Taylor v. Sanders, 536 F. App'x 200, 202 (3d Cir. 2013).  Likewise, allegations that a defendant knocked books out of an inmate's hands, then slammed the inmate to the ground and handcuffed him were deemed to describe only de minimus force. See Washam v. Klopotoski, 403 F. App'x 636, 637 (3d Cir. 2010); see also Carson v. Mulvihill, 488 F. App'x 554, 562 (3d Cir. 2012) (finding that plaintiff who alleged that defendant pushed his wheelchair rapidly and harshly through his cell door, causing him to fall sharply onto his bed, had not alleged a constitutional violation).  Accordingly, even accepting the factual allegations of the Complaint as true, as this Court must, relevant case law suggests that Plaintiff's allegations — that he was pushed and held — amount only to de minimus use of force.[3]

_____

[3] The Court notes that the cases cited above were ruled upon at the summary judgment stage.  Nevertheless, the holdings are instructive for determining whether Plaintiff in this case has alleged something more than de minimus force.  Furthermore, in

Further, the injuries alleged in the Complaint also suggest that only a de minimus amount of force was used.  Specifically, Plaintiff alleges that he had abrasions on his back which lasted for ten days. (Compl. 5, ECF No. 1).  In his opposition, Plaintiff describes his injuries in more detail and indicates that he experienced "acute pain from abrasions and impact to the upper back, left shoulder, and left flank areas of his body." (Opp'n 5-6, ECF No. 31).  Plaintiff further claims that "weeks following the incident, [he] lacked full mobility without experiencing acute pain to the injured areas." (Id. at 6).  However, Plaintiff attaches his medical records to his motion to amend; and he specifically requests that the Court consider these documents when ruling on the motion to dismiss. (Id. at 3).  Because they are attached and explicitly referenced in Plaintiff's motion to amend, the Court will consider these documents when ruling on the pending motions. See S. Cross Overseas Agencies, Inc., 181 F.3d at 426.

_____

several of these cases, the Third Circuit accepted the plaintiffs' allegations as true — as it would under a motion to dismiss standard — and specifically held that the allegations of the complaints alleged only a de minimus force. See, e.g., Taylor, 536 F. App'x at 202 ("We agree with the District Court's conclusion that the force Taylor alleged was de minimis, was not repugnant to the conscience, and therefore did not amount to a constitutional violation.") (emphasis added); Carson, 488 F. App'x at 562 ("Because Carson has alleged, at most, a malevolent shove by Nilson, we find no Due Process violation.") (emphasis added).

The medical records confirm that Plaintiff had an "abrasion to his upper back area, across the back side of his shoulder and left flank area." (Clinical Encounter 6, Pl.'s Ex. B, July 15, 2012, ECF No. 31-1). However, the record also indicates that Plaintiff's "[l]eft shoulder [wa]s normal with full range of motion . . . ." (Id.). Additionally, the Court notes that Plaintiff was not provided any treatment beyond the examination itself, i.e., he did not receive any pain medications or bandages. Finally, Plaintiff's follow-up radiology report, dated July 25, 2012, showed "negative" findings and conclusions. (Radiology Report 8, Pl.'s Ex. C, ECF No. 31-1). Thus, the facts alleged in the pleadings, in the proposed amendments to the pleadings, and the documents attached to, and specifically referenced in, the Complaint suggest that Plaintiff's injuries were de minimus as well.

The Court is mindful that "the absence of significant resulting injury is not a per se reason for dismissing a claim based on alleged wanton and unnecessary use of force against a prisoner." Brooks, 204 F.3d at 108. Nevertheless, "the extent of an injury provides a means of assessing the legitimacy and scope of the force[.]" Id. Here, Plaintiff's de minimus injuries — which consist of abrasions that did not require treatment — reinforce the notion that a de minimus amount of force was utilized.

Having concluded that Plaintiff has alleged only a <u>de
minimus</u> force, the Court finally notes that the allegations of
the Complaint and proposed amended complaint do not describe a
use of force which is "repugnant to the conscience of mankind."
<u>Brooks</u>, 204 F.3d at 107 (quoting <u>Hudson</u>, 503 U.S. at 9–10).
Plaintiff concedes that the parties were involved in a "verbal
altercation" to which Defendant responded by "restrain[ing]
Plaintiff[.]" (Opp'n 4, ECF No. 31).  Plaintiff further admits
that Defendant was yelling at him so, Plaintiff "started
hollering back at [Defendant]." (Affidavit 3, ECF No. 31-1).
Given that the parties were engaged in what Plaintiff describes
as a "shouting match" (Opp'n 5, ECF No. 31), the <u>de minimus</u> use
of force described in the Complaint — which Plaintiff explains
was used to restrain and handcuff him — is not "repugnant to the
conscience of mankind" so as to amount to a claim for a
constitutional violation. <u>See also Hudson</u>, 503 U.S. at 11
(holding that "the constitutional touchstone is whether
punishment is cruel and unusual").

For these reasons, the Court finds that the allegations of
the Complaint, and the changes proposed in Plaintiff's motion to
amend, do not adequately plead a claim for excessive force.
Accordingly, the claim will be dismissed. <u>See, e.g., Campbell v.
Gibb</u>, No. 10-6584, 2011 WL 2669965, at *1 (D.N.J. July 7, 2011)
(dismissing <u>sua sponte</u> plaintiff's excessive force claim for

failure to state a claim where plaintiff alleged that defendant "violently jerked plaintiff up off the ground and threw him onto the medical cart" and "forcefully threw plaintiff onto an office chair").


IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) will be GRANTED and Plaintiff's claims will be dismissed without prejudice.  Additionally, as set forth above, the Court has considered the Complaint, Plaintiff's motion to amend, and his proposed amendments to the Complaint in conducting its Rule 12(b)(6) analysis.  Because both Complaint and the proposed amendments fail to state a claim upon which relief can be granted, Plaintiff's motion to amend will be DENIED. See Lutz, 347 F. App'x at 777 (holding that leave to amend should not be granted where amendment would be futile); see also Shane, 213 F.3d at 115 (applying Rule 12(b)(6) analysis when assessing futility).  This denial will be without prejudice to Plaintiff filing, within 45 days, a motion to re-open

accompanied by a proposed amended complaint[4] which addresses the deficiencies noted in this Opinion.

An appropriate Order will be entered.


__s/ Noel L. Hillman_____

Dated: July 6, 2016                NOEL L. HILLMAN
At Camden, New Jersey              United States District Judge

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.